UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

C. JEFFERY EVANS,

      Plaintiff,

  v.

Y'S FRIES, INC.,

      Defendant.

NO. CIV. S-10-2297 FCD DAD

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on defendant Y's Fries' ("defendant") motion for attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d)(2) and 42 U.S.C. § 12205 of the Americans with Disabilities Act of 1990 ("ADA"). Plaintiff Jeffrey Evans ("plaintiff") opposes the motion. For the reasons set forth below, defendant's motion is DENIED.

**BACKGROUND**

    This matter arises out of plaintiff's allegations that defendant violated the ADA, California Civil Code Section 54 *et seq.*, and the Unruh Civil Rights Act. (Pl.'s Resp. to Def.'s

Statement of Undisputed Facts ["UF"] [Docket #21-1], filed April 29, 2011, at ¶ 9.)  Defendant previously moved for summary judgment of plaintiff's claims, relying on a settlement agreement between plaintiff and defendant's primary shareholder, Marilyn Yawnick ("Yawnick"), which stipulated that plaintiff would not initiate any further litigation against Yawnick.  (UF at ¶ 8.)  The court granted summary judgment for defendant, finding that plaintiff failed to establish any ambiguity in the settlement agreement or otherwise refute the plain language extinguishing any future claims against Yawnick.  Evans v. Y's Fries, Inc., No. CIV. S-10-2297 FCD DAD, slip op. at *3 (E.D. Cal. May 19, 2011).  On May 25, 2011, defendant filed the instant motion for attorneys' fees and costs incurred in pursuing its motion for summary judgment.  (Docket #26.)[1]

**ANALYSIS**

The ADA provides that a district court "in its discretion, may allow the prevailing party, . . . reasonable attorney[s'] fee[s], including litigation expenses, and costs."  42 U.S.C. § 12205.  The Ninth Circuit has held that courts must only award attorneys' fees to a prevailing defendant under § 12205 upon the finding that the "the plaintiff's action was frivolous, unreasonable, or without foundation."  Summers v.

---

[1] The motion was continued for hearing due to plaintiff's failure to respond to the motion.  On July 25, 2011, the court ordered plaintiff's counsel to show cause why he should not be sanctioned $150.00 for the failure to file a timely opposition or statement of non-opposition to the motion ("OSC").  (Docket #36.)  Plaintiff's counsel's response to the OSC was due on August 5, 2011.  While counsel filed an opposition to the motion on August 5, he did not separately respond to the OSC as directed by the court.  (Id.)  As such, the court will impose a $150.00 sanction against counsel as set forth below.

Teichert & Son, Inc., 127 F.3d 1150, 1154 (9th Cir. 1997) (adopting the Supreme Court's standard from Christiansburg Garment Co. v. EEOC (Christiansburg), 434 U.S. 412, 421 (1978) for Title I ADA cases).  Also, because § 12205 makes fees and costs parallel, the Christiansburg standard applies to an award of costs, other than attorneys' fees, to a prevailing defendant under the ADA.[2]  Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1190 (9th Cir. 2001).  Courts sitting in the Ninth Circuit have held that "[a]n action is frivolous if it lacks an arguable basis in law or in fact, though it need not be brought in bad faith." Peters v. Winco Foods, Inc., 320 F. Supp. 2d 1035, 1037 (E.D. Cal. 2004), aff'd, 151 Fed. App'x 549 (9th Cir. 2005); Martinez v. Home Depot USA, Inc., CIVS 04-2272 RRB DAD, 2007 WL 2254432, at *2 (E.D. Cal. Aug. 2, 2007); Harris v. Del Taco, Inc., SACV 04-730 DOC MLGX, 2005 WL 3388144, at *1 (C.D. Cal. June 3, 2005).

   Plaintiffs play an integral role in enforcement of the ADA and other civil rights statutes through private litigation; and, the award of attorneys' fees provides an incentive to file such suits.  Peters, 320 F. Supp. 2d at 1037 (applying the rationale of Christiansburg, 434 U.S. at 418).  However the, "policy considerations which support the award of attorneys' fees to a prevailing plaintiff are not present in the case of a prevailing

---

[2] Federal Rule of Civil Procedure 54(d)(1) allows a court to award costs to a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise.  Thus, "[w]hen the federal statute forming the basis for the action has an express provision governing costs . . . that provision controls over the federal rules." Rouse v. Law Offices of Rory Clark, 603 F.3d 699, 702 (9th Cir. 2010) (quoting Brown, 246 F.3d at 1190).  Here, the controlling provision is 42 U.S.C.A. § 12205.

defendant." Christiansburg, 434 U.S. at 418-419.  To the contrary, awards to prevailing defendants could have a chilling effect on the filing of ADA lawsuits by plaintiffs.  Peters, 320 F. Supp. 2d at 1037.

Here, defendant argues that plaintiff's claims were frivolous because the settlement agreement "clearly" barred plaintiff from bringing this suit.  (Memo. of Points and Authorities in Support of Y's Fries, Inc,'s Mot. for Att'ys Fees and Costs [Docket 26-1], filed May 25, 2011, at 5:3-5.) Defendant contends that plaintiff pursued this action with the knowledge that it lacked foundation, even after receiving defendant's letters informing him of that fact.  (Decl. of Jacob D. Flesher [Docket #26-2], filed May 25, 2011, at ¶¶ 3-4.) However, plaintiff responds that his complaint did not lack foundation because it raised legitimate issues of law, which the court ultimately decided, albeit in defendant's favor.  (Opp'n to Mot. for Att'ys Fees [Docket #37], filed Aug. 5, 2011, at 3:25.) Importantly, plaintiff notes that "in filing this action, [he] served the purpose that Congress had intended when it enacted the [ADA]: continuing, knowing violations of long standing law must not be ignored and must be redressed."  (Id. at 3:9-10.)

Plaintiff is correct.  His claims were not legally frivolous.  In opposing defendant's motion for summary judgment, plaintiff primarily raised a public policy argument--that it would be unfair or unjust to preclude his current suit, regardless of the settlement agreement's plain language, because this action involved a different property and separate alleged violations of the ADA.  Evans, No. CIV. S-10-2297 FCD DAD, slip

4

op. at *3.  Plaintiff based his argument in law, relying on Congress' intent in enacting the ADA; specifically, that it is the express intent of Congress that any known violation of the ADA be redressed through the courts.  See Christiansburg, 434 U.S. at 418-419; Peters, 320 F. Supp. 2d at 1037.

Moreover, as set forth in the court's order on defendant's motion for summary judgment, there was evidence in the record of plaintiff's attempt to negotiate a settlement that barred only claims against Yawnick with respect to the single restaurant property involved in the prior action.  While the court found that plaintiff did not ultimately succeed in negotiating that term, as the plain language of the parties' final agreement provided otherwise, there was evidence presented of plaintiff's interest in bringing other actions against Yawnick.  That he attempted to pursue such a suit by this complaint is not unreasonable considering his clear intent from the prior lawsuit.

At bottom, plaintiff's claims in this action raised a genuine policy rationale for ruling against the plain wording of the parties' contract, in favor of plaintiff's intentions, and in support of Congress' purpose in passing the ADA.  An award of attorneys' fees and costs to defendant here would run contrary to the general policy articulated by the Supreme Court in Christiansburg as the court cannot find that plaintiff's complaint in this matter was frivolous or pursued unreasonably or without legal foundation.  434 U.S. at 418.

## CONCLUSION

For the foregoing reasons, the court DENIES defendant's motion for attorneys' fees in its entirety.  Per the court's OSC

issued July 25, 2011 (Docket #36), plaintiff's counsel is ordered to pay sanctions in the amount of $150.00.  Said payment shall be bore by counsel alone and shall be paid to the Clerk of the Court within 20 days of the date of this order.

    IT IS SO ORDERED.

DATED: August 23, 2011

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

6